**TOWN OF NORWOOD, MASSACHUSETTS, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent,**

**Boston Edison Company, Intervenor.**

**No. 89–1130.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 17, 1990.

Decided June 29, 1990.

As Modified Aug. 29, 1990.

Rehearing Denied Aug. 29, 1990.

Charles F. Wheatley, Jr., with whom Timothy P. Ingram, Annapolis, Md., was on the brief, for petitioner.

Hanford O'Hara, Atty., F.E.R.C. ("FERC"), with whom Catherine C. Cook, Gen. Counsel, and Jerome M. Feit, Sol., F.E.R.C., Washington, D.C., were on the brief, for respondent.

Carmen L. Gentile, with whom Thomas L. Blackburn, Washington, D.C., was on the brief, for intervenor.

Before MIKVA, SILBERMAN, and BUCKLEY, Circuit Judges.

Opinion for the court filed by Circuit Judge BUCKLEY.

BUCKLEY, Circuit Judge:

The Town of Norwood, Massachusetts seeks review of orders of the Federal Energy Regulatory Commission denying the Town refunds of overpayments to a utility. Because we find that the Town failed to present its argument for such refunds in an application for rehearing before the Commission, we dismiss this petition for want of jurisdiction pursuant to section 313 of the Federal Power Act, 16 U.S.C. § 825*l* (1988).

## I. BACKGROUND

On August 30, 1983, the Boston Edison Company filed with the Federal Energy Regulatory Commission for a rate increase in its provision of electric power transmission services to the Town of Norwood, Massachusetts. In this filing, Edison sought to apply a transmission tariff to Norwood that differed in some respects from that which had been applied previously. Certain elements of that tariff, not relevant to this petition, were contested by Norwood. As part of its filing, Edison included a document showing the sum of $745,552 as the amount of revenue the tariff's formula was to yield over a year. The parties dispute whether this specific figure was actually a part of the "filing." Edison asserts that the $745,552 revenue figure served only as the basis for the redesign of the rate structure, while the Town maintains that it was a component of the original filing and, as such, serves as a cap on revenues.

By order dated October 31, 1983, the Commission accepted Edison's proposed rates, to become effective on November 2. Pursuant to sections 205 and 206 of the Federal Power Act, 16 U.S.C. 824d, 824e, it allowed the rates to go into effect subject to refund if they were found to be unreasonable at a subsequent hearing, which it also set. 25 F.E.R.C. ¶ 61,157, at 61,438 (1983). The hearing was held before an Administrative Law Judge, who issued his initial decision on October 29, 1985. 33 F.E.R.C. ¶ 63,027, at 65,076 (1985). The ALJ upheld most portions of Edison's formula, held that one aspect of it was inappropriate, and determined that Edison's filing did in fact include a cap of $745,552. *Id.* at 65,084.

Edison and the Town both filed Motions for Reconsideration. Norwood was dissatisfied with virtually the entire initial decision, and Edison objected to the ALJ's initial finding that its filing had included the $745,552 cap on its revenues. Nonetheless, in an opinion on reconsideration, the ALJ found Norwood's objections unpersuasive, and, in the matter relevant to the present appeal, found Edison bound by what he asserted was Edison's original filing for $745,552 in revenues. 34 F.E.R.C. ¶ 63,029, at 65,135–36.

Edison then filed objections to the ALJ's order on reconsideration with the Commission, taking issue with the ALJ's limitation of Edison's revenues to $745,552. It argued that its own submissions supported revenue requirements of $825,000 to $830,000, and that even the exhibits of the Commission staff supported revenues of $770,000 to $780,000, both higher than the $745,552 cap imposed by the ALJ. On August 1, 1988, the Commission issued its opinion essentially upholding the ALJ in all respects relevant here and ordering Edison to pay refunds for all amounts collected over and above the "revised rates," that is, those incorporating the limitation of $745,552. 44 F.E.R.C. ¶ 61,199 (1988) ("Opinion 310"). As the Commission clearly stated:

The Commission summarily affirms the judge's finding in the order on reconsideration that Edison should recover no more than $745,552 in total revenues. We believe that the record demonstrates that this is the amount for which Edison filed and that it intended to collect.... Notwithstanding whether the firm rate is ratcheted or unratcheted, the revenues will not exceed $745,552. Edison submitted this proposed rate level and is bound by it.

*Id.* at 61,715 (footnotes omitted).

On August 31, 1988, Edison and Norwood both filed timely applications for rehearing of Opinion 310. Edison argued that it should be permitted to collect more than the $745,552, or, in the alternative, that it should not be forced to pay refunds for any amounts collected above the filed-for rate up until the date of issuance of Opinion 310. Although it is nowhere explicit in the record exactly how much Edison collected in excess revenues, it would appear from the size of the refund made to Norwood in 1988–89 that the sums would be significant, on the order of $100,000 per year.

Norwood's application for rehearing contained only objections to the Commission's determination that various terms and conditions of Edison's firm transmission service were reasonable. On December 20, 1988, the Commission denied rehearing in part and granted it in part. 45 F.E.R.C. ¶ 61,-455 (1988) ("Opinion 310–A"). Although the Commission refused to change its mind on the rate elements to which the Town objected, or on the limitation imposed on Edison's rate, it agreed with Edison that it was the Commission's practice not "to order refunds based only on a change in rate design," *id.* at 62,412, such as was involved here, as opposed to a change in the rate itself. The Commission thus reversed its prior position requiring refunds for the period November 2, 1983, through August 1, 1988, and instead directed that the ALJ's initial order limiting revenues to $745,552 have only prospective effect from the date of Opinion 310. *Id.* Without seeking rehearing of Opinion 310–A, Norwood filed the instant petition for review, arguing that allowing Edison to keep the amount collected in excess of the filed rates violates the well-established filed rate doctrine. *See Electrical Dist. No. 1 v. FERC,* 774 F.2d 490, 493 (D.C.Cir.1985).

## II. DISCUSSION

■ FERC argues that this court is prohibited by section 313(b) of the Federal Power Act from considering Norwood's petition because Norwood did not first present to the Commission in an application for rehearing the argument it now presents to this court, namely, that the Commission was legally obliged to order refunds to the Town for all overcharged amounts. Section 313(b) provides:

Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the United States Court of Appeals ... by filing in such court, *within sixty days after the order of the Commission upon the application for rehearing,* a written petition praying that the order of the Commission be modified or set aside in whole or in part.... *No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for the failure so to do.*

16 U.S.C. § 825*l* (b) (emphasis added).

Courts strictly construe the jurisdictional rehearing requirement of section 313(b). *See ASARCO, Inc. v. FERC,* 777 F.2d 764 (D.C.Cir.1985) (construing analogous provision in section 19(b) of the Natural Gas Act ("NGA")). This court has noted the severity of NGA section 19(b)'s "virtually unheard-of mandatory petition-for-rehearing requirement" and its "additional requirement of raising the very objection urged on appeal." *Tennessee Gas Pipeline Co. v. FERC,* 871 F.2d 1099, 1110 (D.C.Cir.1989) (internal quotes omitted). We nevertheless recognized these rehearing requirements as "express statutory limitations on the jurisdiction of the courts." *Id.* at 1107. Norwood has not demonstrated that it falls within the exception to the rehearing requirement created for those with reasonable grounds for having failed to raise their objections before the Commission. Thus, we can only entertain Norwood's arguments if it filed an application for rehearing and urged therein its filed rate argument as required by section 313(b). Its alleged ground assumes the very fact here in dispute: that Norwood's argument before the Commission was substantially the same as the argument it now makes concerning the scope of the Commission's power to apply a rate change prospectively.

In *Tennessee Gas,* we addressed the situation where an initial order of the Commis-

sion had eliminated a minimum billing provision that was being challenged by a customer, Columbia Gas Transmission Corporation. But rather than eliminate it retroactively as Columbia Gas had sought, the Commission eliminated the provision as of September 1, 1986, the date on which it was found to be illegal. In its petition for rehearing, Columbia Gas raised arguments as to why the effective date should be earlier than September 1, 1986. The petition was denied. The Commission decided, however, to treat a motion for clarification from one of the parties as a petition for reconsideration or rehearing and then, in a rehearing order, moved the effective date forward to August 1, 1987. *Id.* at 1102–03.

Columbia Gas then petitioned for review in this court without having sought a rehearing of the rehearing order. It presented not only its old arguments for why the elimination of the minimum billing provision should have been retroactive, but also new arguments asserting, for the first time, that the Commission in any event could not make the effective date of the elimination *later* than the date of the finding of illegality, to wit, September 1, 1986, as it had in the rehearing order. We held that although the customer had properly preserved its old arguments, we had no jurisdiction to consider the new ones running against any post-September 1, 1986 effective date. *Id.* at 1110. We found that Columbia Gas did not and could not have raised the new arguments in its first petition for rehearing because at that time the effective date established by the Commission *was* September 1, 1986. *Id.* at 1109. It was only *after* Columbia Gas had been aggrieved by the change effected by the rehearing order that its alternative arguments assumed relevance. We concluded that in light of this new aggrievement, Columbia Gas should have filed a second petition for rehearing, treating the rehearing order as a new order. *Id.* at 1110.

We find Norwood's situation in this case analogous to that of Columbia Gas in the *Tennessee Gas* case. Norwood had one set of complaints against Opinion 310 that it lodged in a petition for rehearing with the Commission. Its present complaint, however, is concerned not with the grievance Norwood suffered as a result of Opinion 310, but rather with the one resulting from Opinion 310–A, which eliminated the refund previously granted by Opinion 310. It is obvious that Norwood had not raised in its initial rehearing petition its argument that the Commission was obliged to order re-

funds, because at that time the Commission *had* ordered refunds. Thus, as was the case in *Tennessee Gas*, the proper course for Norwood would have been to raise this argument in a second petition for rehearing, treating Opinion 310–A as a new order.

■ Norwood contends that the Federal Power Act does not require an endless cycle of rehearing applications. While we generally agree, we conclude that it does require an application for rehearing of an order on rehearing when the later order modifies the results of the earlier one in a significant way, raising objections to the rehearing order that are substantially different from those raised against the original one. *See Southern Natural Gas Co. v. FERC,* 877 F.2d 1066, 1073 (D.C.Cir.1989). Here, of course, Opinion 310–A had the effect of completely reversing Opinion 310's results with respect to refunds. The Town cannot escape the fact that the arguments it now raises against this change were not made before the Commission, despite the fact that "it could easily have done so by filing a second petition for rehearing which treated the modification order as a new order." *Tennessee Gas,* 871 F.2d at 1110.

In addition, even if the changes wrought by the rehearing order were considered sufficiently minimal that the Town could rely on its first rehearing application for jurisdiction in this court, it would still be confined in this petition to those objections that were actually "urged before the Commission." 16 U.S.C. § 825*l.* As the issue of the Commission's authority in setting the effective date of its order and the consequent disallowance of refunds was not urged before the Commission at the earlier rehearing, we would still be precluded from considering it now. Indeed, the argument that the Commission was *obliged* by the filed rate doctrine to order refunds could not have been argued on the application for rehearing, since at that time, the Commission was in agreement with petitioner that the refund was in order. *See Tennessee Gas,* 871 F.2d at 1109–10.

### III. CONCLUSION

As the Town of Norwood had not previously presented the Commission, in a petition for rehearing, with its arguments challenging the denial of the refund granted in Opinion 310, we have no jurisdiction to hear them on appeal. The petition for review of the Commission's order on rehearing is therefore

*Dismissed.*

**776**

## MEMORANDUM

The Town of Norwood petitions this panel for rehearing, urging solely that it "argued to this Court in its brief and before the Court that it had met the statutory exception under the Federal Power Act's rehearing requirement for 'reasonable grounds' in not filing a second rehearing" and "[t]his Court's opinion overlooked this argument in its decision." Petition for Rehearing at 1.

Norwood is correct in pointing out that our opinion erroneously stated "Norwood has not argued that it falls within the exception to the rehearing requirement created for those with reasonable grounds for having failed to raise their objections before the Commission." *Town of Norwood v. FERC*, 906 F.2d 772, 774 (D.C.Cir.1990); *see* Petition for Rehearing at 2. In fact, Norwood did raise this argument. Petitioner's Reply Brief at 15–16; *see also* Petition for Rehearing at 2–3. Recognition of this mischaracterization, however, does not disturb our view that we lack jurisdiction to consider Norwood's argument that the Commission was obliged to grant the refunds.

Norwood asserts that its "reasonable ground" for failure to bring its argument for refunds in an application for rehearing of Order 310–A was that it had already made its objection to Edison's attempts to increase its filed-for rates prior to the issuance of Order 310. An application for rehearing of Order 310–A thus "would add little to the objections the Commission had already considered." Petitioner's Reply Brief at 16. The objections Norwood had already brought before the Commission prior to the issuance of Order 310, however, had nothing to do with the Commission's authority to make its rate determination prospective. They were aimed only at "Edison's attempts to increase its filed-for rate." *Id.* at 15.

As our opinion made clear, the grievance suffered by Norwood at the hands of Opinion 310–A, to wit, the denial of refunds that had been granted by Opinion 310, was a different grievance, and the objections to it different objections, than those actually raised before the Commission. *See* 906 F.2d at 775–76. Norwood's argument before the Commission was that Edison's annual revenues had to be limited to $745,552. Its argument here is the substantially broader proposition that the Commission, in light of the filed rate doctrine, has no discretion to order that such a limitation be effective prospectively only. This second argument was simply not raised before the Commission, and indeed, as we observed, could not have have been because the Commission had been in agreement with Norwood that refunds were in order. *Id.* at 775–76. Thus, a second rehearing petition would not "add little" to Norwood's previous objections, *see* Petitioner's Reply Brief at 16, but rather would give the Commission its first chance to consider the scope of its discretion, in light of the filed rate doctrine, to order rate changes prospectively.

In view of the foregoing, it is clear to us that Norwood did not have "reasonable grounds" for the failure to file a second application for rehearing. While we admit that Norwood did *argue* that it had such reasonable grounds for failure to file a second application, under section 313 of the Federal Power Act, 16 U.S.C. § 825 *l*, our jurisdiction exists only if "there *is* reasonable ground for the failure so to do." *Id.* (emphasis added). Our previous opinion logically foreclosed the "reasonable ground" put forward by Norwood in the instant petition for rehearing by rejecting Norwood's claim that the arguments it raised before the Commission were the same as those brought before this court.

We thus conclude that Norwood's petition should be denied. Norwood, however, has rightly pointed out a technical error in our opinion. We will therefore issue an order to correct that opinion, making clear that while Norwood did argue that it had a reasonable ground for the failure to file a second rehearing application with the Commission, we found no merit in the argument.

*So ordered.*