180 F.3d 278
 Jennifer M. GRANHOLM ex rel. Michigan Department of Natural
Resources, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
Upper Peninsula Power Company, Intervenor.
 No. 98-1276.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued May 4, 1999.
Decided June 11, 1999.
 
 On Petition for Review of Orders of the Federal Energy Regulatory Commission.
 Pamela J. Stevenson, Assistant Attorney General, State of Michigan, argued the cause for petitioner. With her on the briefs were Thomas L. Casey, Solicitor General, and Alan F. Hoffman, Assistant Attorney General. John C. Scherbarth, Assistant Attorney General, entered an appearance.
 David H. Coffman, Attorney, Federal Energy Regulatory Commission, argued the cause for respondent. With him on the brief was Jay L. Witkin, Solicitor.
 Amy S. Koch and Linda C. Ray were on the brief for intervenor Upper Peninsula Power Company.
 Before: GINSBURG, SENTELLE, and RANDOLPH, Circuit Judges.
 Opinion for the Court filed by Circuit Judge RANDOLPH.
 RANDOLPH, Circuit Judge:
 
 
 1
 Michigan's Attorney General, on behalf of the state's Department of Natural Resources, filed a petition for judicial review of three Federal Energy Regulatory Commission orders issued in connection with an application by the Mead Corporation for a hydroelectric power license. We hold that Michigan's failure to seek rehearing of the Commission's "Order on Remand" deprives the court of jurisdiction.
 
 
 2
 This proceeding has its genesis in orders the Commission issued in 1995 and 1996. In Mead Corp., 72 F.E.R.C.p 61,027 (1995), the Commission granted Mead's application for a new license to continue operation and maintenance of a hydroelectric power project in Michigan under Part I of the Federal Power Act, 16 U.S.C. §§ 791a-823b, without implementing certain recommendations of the Michigan Department of Natural Resources. Among the rejected recommendations were license conditions requiring additional studies designed to reduce the number of fish trapped in the project's turbines and to compensate Michigan for the fish killed. The Commission determined that the proposed conditions did not fall within § 10(j) of the Federal Power Act, 16 U.S.C. § 803(j), which requires the Commission to afford significant deference to fish protection recommendations of state and federal fish and wildlife agencies. The Commission considered the Michigan recommendations pursuant to § 4(e) and § 10(a) of the Federal Power Act, 16 U.S.C. §§ 797(e), 803(a), which give the Commission broader latitude to balance environmental interests against development interests in promoting the best comprehensive use of a waterway. The Commission rejected the Michigan recommendations after finding that Mead's study method was a reasonable means of assessing the project's impact on fishery resources.
 
 
 3
 Michigan sought rehearing, asserting that the Commission should have considered the Michigan recommendations under § 10(j). In Mead Corp., 76 F.E.R.C. p 61,352 (1996), the Commission denied rehearing after reiterating that Michigan's recommendations were not subject to § 10(j), and that the public interest did not require performance of those studies.
 
 
 4
 Michigan then sought judicial review of the 1995 and 1996 orders in this court. The case was docketed as No. 96-1453, but on August 5, 1997, after Michigan submitted its initial brief, the Commission filed an unopposed motion for voluntary remand so that the Commission could reconsider whether it should have reviewed Michigan's recommendations under § 10(j). The Commission's motion was prompted, in part, by this court's intervening decision in Kelley v. FERC, 96 F.3d 1482, 1487 (D.C.Cir.1996), which viewed as "weighty" the question whether the Commission may legitimately treat fish and wildlife recommendations as outside § 10(j). This court granted the motion on August 8, 1997, and remanded the case to the Commission.
 
 
 5
 On April 22, 1998, the Commission issued its "Order on Remand," Upper Peninsula Power Co., 83 F.E.R.C. p 61,071, at 61,362 (1998) ("remand order")[1], further elucidating, but adhering to, its prior ruling. Without seeking rehearing of the remand order, Michigan petitioned for judicial review of the 1995, 1996, and 1998 orders, contending once again that the Commission erred in considering Michigan's recommendations under § 10(a) rather than the more deferential § 10(j).
 
 
 6
 On July 30, 1998, the Commission moved to dismiss for lack of jurisdiction on the ground that Michigan failed to seek rehearing of the remand order as required by § 313(a) of the Federal Power Act, 16 U.S.C. § 825l(a). By order dated October 15, 1998, the court directed the motion to dismiss to be referred to the merits panel. Upper Peninsula Power Company intervened in support of the Commission's position.
 
 
 7
 Section 313(a) of the Federal Power Act provides that "[n]o proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for rehearing thereon." 16 U.S.C. § 825l(a). This petition-for-rehearing requirement is mandatory. See ASARCO, Inc. v. FERC, 777 F.2d 764, 774 (D.C.Cir.1985).[2] Neither the court nor the Commission retains "any form of jurisdictional discretion" to ignore it. ASARCO, 777 F.2d at 775 (quoting Boston Gas Co. v. FERC, 575 F.2d 975, 979 (1st Cir.1978)); see also Bluestone Energy Design, Inc. v. FERC, 74 F.3d 1288, 1293 (D.C.Cir.1996); Platte River Whooping Crane Critical Habitat Maintenance Trust v. FERC, 962 F.2d 27, 34-35 (D.C.Cir.), reh'g en banc denied, 972 F.2d 1362 (1992); Town of Norwood, Mass. v. FERC, 906 F.2d 772, 774 (D.C.Cir.1990). Such a mandatory petition-for-rehearing requirement exists in each of the three major statutes the Commission administers. See ASARCO, 777 F.2d at 774 (citations omitted).
 
 
 8
 As the court explained in Northwest Pipeline Corp. v. FERC, 863 F.2d 73, 77-78 (D.C.Cir.1988), the "obvious (and salutary) purpose" of the petition-for-rehearing requirement is to afford the Commission "an opportunity to bring its knowledge and expertise to bear on an issue before it is presented to a generalist court." The requirement also permits the agency an initial opportunity to correct its errors. See ECEE, Inc. v. FERC, 611 F.2d 554, 565 (5th Cir.1980).
 
 
 9
 Michigan acknowledges § 313(a)'s petition-for-rehearing requirement and the line of authorities just cited, but tries to avoid the consequences by analogizing its situation to that in Southern Natural Gas Co. v. FERC, 877 F.2d 1066 (D.C.Cir.1989), a case arising under the Natural Gas Act § 19(b), 15 U.S.C. § 717r(b). The petitioner in Southern Natural Gas had failed to seek rehearing of a Commission order denying rehearing. See 877 F.2d at 1068-73. The court held that the petitioner did not need to seek further rehearing of the Commission order denying rehearing because the original outcome had not been changed although the Commission had "supplie[d] a new improved rationale. " Id. at 1073. The court reasoned that if the statute were read as making a request for rehearing a predicate to judicial review of each order denying rehearing, the process might never end. See id. Such an interpretation would have permitted "an endless cycle of applications for rehearing and denials," limited, the court stated, "only by FERC's ability to think up new rationales--which, since none of them would be put to a test in court, would not be much of a limitation." Id. (citations omitted).
 
 
 10
 Michigan's theory is that since the Commission, in its order on remand, did nothing more than attempt to improve the rationale supporting its earlier decisions, Southern Natural Gas excused the State from having to seek rehearing under § 313(a). Michigan misses the point that Southern Natural Gas, given its reasoning, is confined to the question whether this court has jurisdiction if the petitioner failed to seek rehearing of a Commission order on rehearing, a question not entirely resolved by the statute. The situation here is not comparable. Michigan stands on no different footing than any other petitioner who has failed to seek rehearing from a Commission order rendered in an initial proceeding. That the proceeding here was on remand from this court is of no moment. As far as § 313(a) is concerned, the case before the agency was in the same posture as if it had begun anew.[3] Nothing in § 313(a) exempts Commission orders issued on remand from the rehearing requirement. In such circumstances, requiring parties to seek rehearing before petitioning for judicial review--requiring, that is, parties to comply with the terms of § 313(a)--will not entail a cycle of agency orders, the key concern in Southern Natural Gas. The rehearing requirement is triggered anew only if the court orders the case remanded and the agency issues a fresh decision.
 
 
 11
 Michigan also thinks it did not have to seek rehearing because this would have done no good and, at all events, the arguments it would have raised before the Commission on rehearing are the same as those the Commission is now opposing in this court.[4] A party's belief that nothing would change on rehearing is irrelevant. Section 313(a) speaks in absolutes. It brooks no exceptions. Our precedents are as firm as can be on this point: an application for rehearing must be filed before the litigant seeks judicial review "even if the point sought to be appealed was raised, considered, and rejected in the original proceeding." ASARCO, 777 F.2d at 773. As the saying goes, "rules is rules." BARTLETT J. WHITING, MODERN PROVERBS AND PROVERBIAL SAYINGS 541 (1989).
 
 
 12
 Dismissed.
 
 
 
 [1]
 By order dated February 19, 1997, not under review here, the Commission also approved the transfer of the license from Mead to Upper Peninsula Power Company. See Mead Corp., 78 F.E.R.C. p 62,121 (1997). For simplicity, this opinion refers to the licensee as "Mead."
 
 
 [2]
 The court in ASARCO interpreted § 19(a) of the Natural Gas Act, the counterpart to § 313(a) of the Federal Power Act. See 777 F.2d at 772-75. Substantially identical provisions of the Natural Gas Act and the Federal Power Act are to be interpreted consistently with each other. See Arkansas La. Gas Co. v. Hall, 453 U.S. 571, 577 n. 7, 101 S.Ct. 2925, 69 L.Ed.2d 856 (1981)
 
 
 [3]
 Because the court here remanded the "case"--instead of merely remanding the record and holding the case in abeyance--the court did not retain jurisdiction. See D.C.CIR. R. 41(b)
 
 
 [4]
 The remand order did not, as Michigan supposes, simply reach the same conclusion as the 1995 licensing and 1996 rehearing orders--that the Michigan studies did not constitute § 10(j) recommendations--and address only the points raised in Michigan's prior brief, submitted in case No. 96-1453. The remand order also held that even if some of Michigan's requests were considered under the more deferential § 10(j), instead of § 10(a), the record provided substantial evidence for the Commission's conclusion that the studies and protective devices suggested by Michigan need not be included as license conditions