NEW YORK STATE ELECTRIC & GAS CORPORATION, Petitioner,

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent,

Dynegy Power Marketing, Inc., et al., Intervenors.

Nos. 00–1228, 00–1229, 00–1230, 00–1231, 00–1232, 00–1233.

United States Court of Appeals, District of Columbia Circuit.

May 15, 2001.

Before EDWARDS, Chief Judge, RANDOLPH and GARLAND, Circuit Judges.

*JUDGMENT*

These causes came to be heard on the record on petitions for review of an order of the Federal Energy Regulatory Commission, and were considered on the briefs and supplemental briefs of the parties. *See* D.C. CIR. R. 34(j). The issues have been accorded full consideration by the Court and occasion no need for a published opinion. *See* D.C. CIR. R. 36(b). It is

ORDERED AND ADJUDGED by the Court that the petitions be denied. This Court lacks jurisdiction to consider the issues denominated II.A, II.C, and III in petitioners' opening brief because petitioners did not raise them on rehearing. *See*

16 U.S.C. § 825*l* (b); *City of Orrville v. FERC,* 147 F.3d 979, 990 (D.C.Cir.1998). Petitioners' broad assertions in their applications for rehearing that the Commission's order is "arbitrary and capricious" and "cannot be squared with reasoned decision making," Joint Appendix at 240, do not apprise the Commission of the nature of their objections with sufficient specificity to enable the Commission to apply its expertise to the issues before they are raised in this Court. *See* 16 U.S.C. § 825*l*(a) ("The application for rehearing shall set forth specifically the ground or grounds upon which such application is based."); *cf. Northwest Pipeline Corp. v. FERC,* 863 F.2d 73, 77–78 (D.C.Cir.1988). Petitioners did not demonstrate any "reasonable ground[s] for failure" to raise their objections on rehearing. 16 U.S.C. § 825*l* (b); *Town of Norwood v. FERC,* 906 F.2d 772, 774 (D.C.Cir.1990).

Petitioners properly raised on rehearing the issue denominated II.B in their opening brief, and the Commission properly rejected their arguments. Even if the Commission's position in *Pacific Gas & Elec. Co.,* 81 F.E.R.C. ¶ 61,122, 1997 WL 805937 (1997), is inconsistent with the position it took here, the Commission is, as it explained on rehearing, entitled to revisit a decision it considers erroneous rather than apply it to petitioners. *See New York Indep. Sys. Operator, Inc.,* 91 F.E.R.C. ¶ 61,012 at 61,051 n. 23, 2000 WL 344012 (2000); *Stichting Pensioenfonds Voor de Gezondheid v. United States,* 129 F.3d 195, 201 (D.C.Cir.1997). Moreover, the Commission's order in *Pacific Gas & Electric* appears consistent with its order in this case. The Commission made clear in *Pacific Gas & Electric* that the "proposed limitations on liability [are] overbroad" and "go[ ] too far, in that [they] would also excuse the ISO or PX from liability in cases of negligence or intentional wrongdoing . . . ." 81 F.E.R.C. at 61,520. As it did in this case, the Commission concluded in *Pacific Gas & Electric* that "the determination of the ISO's or PX's liability in instances of negligence or intentional wrongdoing is best left to appropriate court proceedings, in which the parties will be free to advance any appropriate argument." *Id.; see also New York Indep. Sys. Operator, Inc.,* 90 F.E.R.C. ¶ 61,015 at 61,034, 2000 WL 20219 (2000).

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C. CIR. R. 41(a)(1).