MIDWEST ISO TRANSMISSION
OWNERS, et al., Petitioners,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent,

WISCONSIN ELECTRIC POWER
COMPANY, et al.,
Intervenors.

No. 03–1163.

United States Court of Appeals,
District of Columbia Circuit.

May 18, 2004.

Michael Edwin Small, Scott M. DuBoff, Wendy Nuckols Reed, Wright & Talisman, Washington, DC, for Petitioners.

Cynthia Ann Marlette, Dennis Lane, Solicitor, Beth Guralnick Pacella, Attorney, Federal Energy Regulatory Commission, Washington, DC, for Respondent.

Gary D. Bachman, Evan Charles Reese, III, Van Ness Feldman, Stephen L. Teichler, Duane Morris, Washington, DC, Jeffrey L. Landsman, Wheeler, Van Sickle & Anderson, Madison, WI, for Intervenors.

Before EDWARDS, RANDOLPH, and TATEL, Circuit Judges.

### JUDGMENT

This petition for review was considered on the record from the Federal Energy Regulatory Commission and the briefs and oral arguments of counsel. It is

ORDERED AND ADJUDGED that the petition for review be denied.

The Midwest ISO Transmission Owners argue that the Commission failed to consider its "cost causation" principle—that utilization of the transmission grid must actually cause costs for which rates should be charged—in imposing the administrative cost adder on grandfathered-agreement load outside the Midwest ISO footprint. This argument was not made to the Commission, and we are precluded from considering it. 16 U.S.C. § 825*l* (b).

The Transmission Owners also argue that it was arbitrary and capricious for the Commission to recognize—but not resolve—the potential problem of duplicate ("pancaked") administrative cost adder charges. In its rehearing order, the Commission stated: "We share Wabash Valley's concern about potential liability for pancaked RTO cost adder charges. We will consider this matter as part of the ongoing proceeding in Docket No. EL02–111–000." 103 F.E.R.C. ¶ 61,038, at 61,163 ¶ 30 (Apr. 11, 2003). For whatever reason, the Commission never addressed the matter in the other proceeding.

The Transmission Owners offer several reasons why it was improper for the Commission to have relegated the pancaking issue to Docket No. EL02–111–000. But they did not seek rehearing of the Commission's referral of the matter to the other proceeding and never presented to the Commission their arguments against the referral. See 16 U.S.C. § 825*l* (b); *Town of Norwood v. FERC,* 906 F.2d 772, 775 (D.C.Cir.1990) (application for rehearing of an order on rehearing is required "when the later order modifies the results of the earlier one in a significant way, raising objections to the rehearing order that are substantially different from those raised against the original one"); *see also California Dep't of Water Resources v. FERC,* 306 F.3d 1121, 1125–26 (D.C.Cir.2002); *cf. Southern Natural Gas Co. v. FERC,* 877 F.2d 1066, 1073 (D.C.Cir.1989) (no application for rehearing of an order on rehearing is required when the order "merely sup-

plies a new improved *rationale* upon realizing that its first one won't wash"). Moreover, as parties to Docket No. EL02–111–000, the Transmission Owners had the opportunity to raise their substantive concerns about rate pancaking in that proceeding.

The Transmission Owners' final claim is the alleged disparate treatment of similarly situated loads of transmission owners and non-transmission owners. At oral argument the Commission's counsel represented that *all* parties using Midwest ISO's transmission grid, without exception and including non-transmission owners, will be assessed the administrative cost adder. *See also* Resp. Br. at 34–35 ("FERC's orders make clear that there is no exception to the requirement that *all* load served using the Midwest ISO system be factored into the Cost Adder methodology...."). Therefore, the Transmission Owners' concern that non-transmission owners will be exempt from the cost adder is unwarranted.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C. Cir. R. 41.