# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Submitted September 8, 2014    Decided September 26, 2014

Reissued January 30, 2015

No. 13-1074

SMITH LAKE IMPROVEMENT AND STAKEHOLDERS
ASSOCIATION,
PETITIONER

v.

FEDERAL ENERGY REGULATORY COMMISSION, ET AL.,
RESPONDENTS

ALABAMA POWER COMPANY,
INTERVENOR

———

On Petition for Review of Orders
of the Federal Energy Regulatory Commission

———

*Richard Roos-Collins*, *Julie Gantenbein*, and *Nicholas T. Niiro* were on the briefs for petitioner Smith Lake Improvement and Stakeholders Association.

*Peter A. Harrison* was on the brief for *amici curiae* Alabama Rivers Alliance, et al. in support of petitioner.

*Gregory S. Farris* was on the brief for *amici curiae* County of Winston, Alabama and School System of Winston County, Alabama.

*David L. Morenoff*, Acting General Counsel, Federal Energy Regulatory Commission, *Robert H. Solomon*, Solicitor, and *Lisa B. Luftig*, Attorney, were on the brief for respondent Federal Energy Regulatory Commission.

*Robert G. Dreher*, Acting Assistant Attorney General, U.S. Department of Justice, and *Michael T. Gray*, Attorney, were on the brief for respondents U.S. Secretary of the Interior and U.S. Secretary of Agriculture. *John D. Gunter II*, Trial Attorney, entered an appearance.

*James A. Byram Jr.*, *P. Stephen Gidiere III*, *James H. Hancock Jr.*, and *Jason B. Tompkins* were on the brief for intervenor Alabama Power Company.

Before: BROWN and WILKINS, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* SILBERMAN.

SILBERMAN, *Senior Circuit Judge*: Petitioner Smith Lake Improvement and Stakeholder Association asserts various claims against Respondents FERC, the Secretary of Interior, and the Secretary of Agriculture relating to the Commission's issuance of a license order. Intervenor Alabama Power moved to dismiss the Association's petition for review on the ground that we lack jurisdiction because the appeal was untimely. We agree and grant the motion.

**I.**

FERC issued a new thirty-year license to Alabama Power to continue to operate and maintain a hydroelectric generation facility known as the Warrior Project. The Smith Development is one of two hydroelectric developments encompassed by the Warrior Project. The Development consists of Smith Dam and Smith Lake, an intake structure, a powerhouse built into the dam, and an emergency spillway. The Association, an organization comprised mainly of Smith Lake property owners, intervened in the licensing proceedings and specifically objected to Alabama Power's proposal to maintain lake levels as they had existed under the earlier license.

The licensing proceedings lasted nearly five years and generated an extensive Environmental Assessment. Pursuant to the Endangered Species Act, FERC engaged in consultations with the U.S. Fish and Wildlife Services to ensure that its action was not likely to "jeopardize the continued existence of" a listed species or critical habitats. 16 U.S.C. § 1536(a)(2). In addition, the Commission adopted a condition that the U.S. Forest Service placed on the license pursuant to the Federal Power Act. FERC issued the new license on March 31, 2010, declining to adopt the Association's water level proposal and authorizing Alabama Power to operate under existing water level benchmarks.

The Association filed a timely request for rehearing of the license order, arguing that the license was not best adapted to a comprehensive plan of development, as required by Section 10(a)(1) of the Federal Power Act, and that the license order's comprehensive development findings were not supported by substantial evidence, as required by Section 313(b) of the Act. The Commission issued a rehearing order affirming the license order as it relates to the Association. The Association then filed a second rehearing request, which the Commission summarily denied on the grounds that the rehearing order did not modify the license order, and the Association's arguments were

considered and denied in the first rehearing order. The Association then filed its petition for judicial review on March 18, 2013 – 124 days after the first rehearing order but within sixty days after the second rehearing order.

## II.

We do not reach the merits of this petition because, as noted, we grant Intervenor Alabama Power's motion to dismiss for lack of subject matter jurisdiction. Under Section 313(b) of the Federal Power Act, a party "aggrieved by an order issued by the Commission . . . may obtain a review of such order in the United States Court of Appeals . . . by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified . . . ."

Our jurisdiction is thus limited to cases in which a petitioner has first sought rehearing before the Commission (an exhaustion requirement) and then promptly brings the petition to our court after the order denying rehearing. We have made clear that a second rehearing petition must be filed if – and only if – the first rehearing order "modifie[d] the results of the earlier one in a significant way." *Town of Norwood, Mass. v. FERC*, 906 F.2d 772, 775 (D.C. Cir. 1990). We subsequently explained that means a change in the "outcome," not merely a change in reasoning. *Allegheny Power v. FERC*, 437 F.3d 1215, 1222 (D.C. Cir. 2006).

Recently, in *Western Area Power Admin. v. FERC*, we dealt with the logical converse of a petitioner's obligation to file a second rehearing petition. 525 F.3d 40, 52-53 (D.C. Cir. 2008). There we faced a petition to our court that followed a second rehearing order that responded to an *unnecessary* second rehearing petition. Unfortunately for the petitioner, we held that the second rehearing petition – because it was not based on any

change in result in the first rehearing order – was not required. Therefore, it did not toll the sixty-day period. Consequently the petition to our court arrived beyond the sixty-day limit, too late to grant us jurisdiction.

Our case is on all fours with *Western.* Still the Commission asserts that our case law is inconsistent and suggests as a "resolution" that we allow a subsequent petition for rehearing to toll the sixty-day period regardless of whether it is prompted by a change in result in the first rehearing order unless the subsequent petition is deemed "vexatious." Presumably, under FERC's view, it would be up to FERC to determine (at least in the first instance) the petitioner's motivation, which would then, in turn, affect our jurisdiction. That would surely be an extraordinary manner to construe Congress's efforts to insist that FERC cases be promptly brought to us. Petitioner, agreeing with the Commission that our cases are in conflict, also asserts that the exhaustion requirement of the statute – requiring a party to make an "objection" to the Commission's order before seeking judicial review – creates a "trap" if we conclude that a second rehearing request was not necessary because the "result" did not change. In other words, petitioner points out that a party might be required to object to an element of reasoning or logic for exhaustion purposes that did not affect the result.

We reject the premise that our cases are inconsistent. To be sure there appears to be some tension but there is no necessary conflict. Some time ago, in *Tennessee Gas Pipeline Co. v. FERC*, we dismissed a petition because the party had filed a second pending rehearing petition with the Commission. 9 F.3d 980 (D.C. Cir. 1993) (per curiam). We did so notwithstanding our recognition that the petitioner was "not required" to file the second petition.[1] *Id.* at 981.

---

[1] We did not explain why the second petition was unnecessary.

We reiterated that position in *Clifton Power Corp. v. FERC*, holding that a party could not "simultaneously seek both agency reconsideration and judicial review of an agency's order." 294 F.3d 108, 111 (D.C. Cir. 2002) (citing *Tennessee Gas Pipeline Co.*, 9 F.3d at 980). FERC and petitioner assume that if a second rehearing petition is not required, and therefore does not toll the statute, it should not be a bar to our review. Yet that a second rehearing petition is not required does not necessarily mean that it would not affect the Commission's thinking. Conceivably a party might come up with a new consideration that would influence the Commission and modify the result. If so, that would surely interfere with our review.

In sum, *Tennessee* and *Clifton* stand for the proposition that we will not hear a case if the petitioner has a rehearing petition pending before the Commission at the time of filing in this court, whether it was required or not. It follows that a party must choose whether to seek an optional petition for rehearing before the Commission, or a petition for review to our court; it cannot proceed simultaneously.

There remains petitioner's "trap" argument. Although we did not previously respond to that argument in a Federal Power Act case, we did in a Natural Gas Act case which has an identical provision for judicial review, *Columbia Gas Transmission Corp. v. FERC*, 477 F.3d 739, 741-42 (D.C. Cir. 2007). We observed there that when a party seeks judicial review following a rehearing order that changes the reasoning without altering the result, "it may have a 'reasonable ground' for not having earlier raised its objections to the rationale underpinning the rehearing order" and therefore be entitled to

consideration of those arguments.[2] *Id*. (quoting 15 U.S.C. § 717*r*(b)).

It is conceivable that an erstwhile petitioner would be unsure whether any change in result worked by a Commission rehearing order would be thought "significant" or not, in which case the safer course clearly is to file a petition in our court, relying on the "reasonable grounds" exception in Section 313(b) to allow us to review FERC's decision if the significance of any change in result is objectively unclear. *See Town of Norwood*, 906 F.2d at 775 (defining key question as whether "the later order modifies the *results* of the earlier one in a *significant way*") (emphasis added). But in this case, where the result did not change on first rehearing and petitioner sought a second rehearing nonetheless, there can be no dispute that *Western Area Power* precludes judicial review of an untimely petition.

For the foregoing reasons, we grant Intervenor Alabama Power's motion to dismiss the Association's petition for review in its entirety.[3]

*So ordered.*

---

[2] It could be thought that challenging reasoning that does not change the result is not a required "objection."

[3] This includes all claims asserted against the Secretaries of the Interior and Agriculture because "the order on review is undeniably that of the Commission." *Bangor Hydro-Elec. Co. v. FERC*, 78 F.3d 659, 662 (D.C. Cir. 1996).