17-1090 (L)
*United States v. Marc Alexander, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand twenty.

Present:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                17-1090
>                                                                    18-558
>                                                                    18-2293
>                                                                    18-2342

BERNARD HARRIS,

> *Defendant*,

MARC ALEXANDER, RACHAEL ALEXANDER, a/k/a Rachael Vierling,

> *Defendants-Appellants*.

_____

For Defendant-Appellant
Marc Alexander:                                AMY ADELSON, New York, NY.

For Defendant-Appellant
Rachael Alexander:                    LAWRENCE MARK STERN, New York, NY.

For Appellee:                         RAYMOND F. MILLER, Assistant United States Attorney
                                      (Marc H. Silverman, Assistant United States Attorney,
                                      *on the brief*), *for* John H. Durham, United States
                                      Attorney for the District of Connecticut, New Haven,
                                      CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 17, 2017 and February 23, 2018 judgments are **AFFIRMED**, except as noted below with respect to the restitution payment schedule set forth in the February 23, 2018 judgment; the July 26, 2018 restitution order is **VACATED**; and the case is **REMANDED** to the district court for further proceedings as to restitution alone.

Defendants-Appellants Marc Alexander and Rachael Alexander appeal from, *inter alia*, judgments entered against them on April 17, 2017 and February 23, 2018, respectively, as well as a restitution order entered against both Defendants-Appellants on July 26, 2018, in the United States District Court for the District of Connecticut (Arterton, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*       \*       \*

1.  Marc Alexander's Appeal

Marc Alexander first argues that his conviction and sentence should be vacated on the basis that his guilty plea was not knowing, intelligent, and voluntary due to his mental and physical state at the time of the change-of-plea hearing.   Because he never challenged the validity of his guilty plea before the district court, we review for plain error.   *See United States v. Adams*, 768 F.3d

2

219, 223 (2d Cir. 2014) (citation omitted). Plain error review "requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013) (internal quotation marks and citation omitted). To show plain error in the context of Federal Rule of Criminal Procedure 11, "a defendant must establish . . . that there is a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Garcia*, 587 F.3d 509, 515 (2d Cir. 2009) (internal quotation marks and citation omitted).

We conclude that the district court did not plainly err in determining that Marc Alexander was competent to enter a knowing, intelligent, and voluntary plea. Before accepting a plea of guilty, Rule 11 requires that the district judge determine whether the defendant "understands the nature of the charge against him and whether he is aware of the consequences of his plea." *McCarthy v. United States*, 394 U.S. 459, 464 (1969). "A district court is not required to follow any particular formula in determining that defendant understands the nature of the charge to which he is pleading guilty." *United States v. Andrades*, 169 F.3d 131, 135 (2d Cir. 1999).

Nothing in the record suggests that the district court erred, let alone plainly erred, in determining that, despite having apparently not eaten for several days prior to the proceeding, Marc Alexander was able to knowingly and voluntarily enter a plea. The district court's determination was well supported by its own observations that the defendant "certainly appear[ed] fully attentive to what is going on here" based on his demeanor and responses during a robust colloquy with the court; the defendant's representation at the outset of the hearing that he understood the nature of the proceedings and that his mind was clear; his subsequent confirmation following the recess that he was feeling "refreshed" and "in a more comfortable state"; and defense counsel's assurances

3

that, during the recess, he had "conducted a number of inquiries of Mr. Alexander to see whether he was aware of what was taking place here," and determined that Alexander was indeed "aware of what is taking place" and intended to proceed. Marc Alexander First App'x at 84–86. Thus, this case is unlike *United States v. Yang Chia Tien*, 720 F.3d 464, 469–71 (2d Cir. 2013), or *United States v. Rossillo*, 853 F.2d 1062, 1066 (2d Cir. 1988), where the district court failed to properly inquire into the effects of medications on a defendant's state of mind. Here, the district court did not plainly err in accepting Marc Alexander's plea after engaging in a Rule 11 colloquy, determining that Marc Alexander was competent to change his plea, then taking concrete steps to address concerns about his mental and physical state that arose in the middle of the proceeding and conducting an inquiry to ensure the effectiveness of those steps.

The remainder of Marc Alexander's arguments on appeal relate to the restitution order entered as to both Defendants-Appellants on July 26, 2018. Marc Alexander first contends that, in the circumstances of this case, the district court lacked the statutory power to order restitution because more than 90 days had elapsed between his sentencing and the entry of the restitution order.

Not so. To be sure, the Mandatory Victims Restitution Act requires courts to "set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing," 18 U.S.C. § 3664(d)(5), and the district court's issuance of a restitution order more than fifteen months after the entry of Marc Alexander's judgment far exceeded this statutory deadline. However, the Supreme Court has made clear that "a sentencing court that misses the 90–day deadline nonetheless retains the power to order restitution—at least where . . . the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *United States v. Dolan*, 560 U.S. 605, 608 (2010). This holding was

4

not cabined by any of the considerations emphasized by Marc Alexander on appeal, such as whether the court extended the time period for the determination of restitution within the 90-day period or provided an explanation or good cause for its delay. Here, the district court clearly indicated prior to the expiration of the 90-day period—both on the record at sentencing and in the written judgment—that it would order restitution, leaving open only the amount. Accordingly, the district court retains the power to order restitution as to Marc Alexander in this case.

By contrast, we find merit in Marc Alexander's due process challenge to the procedures undertaken by the district court in fashioning the restitution order. "'Decisions as to what types of procedure are needed [in resolving sentencing disputes] lie within the discretion of the sentencing court and are reviewed for abuse of discretion.' . . . This principle applies as well to disputes about restitution orders." *United States v. Maurer*, 226 F.3d 150, 152 (2d Cir. 2000) (quoting *United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir. 1996)).[1] "[I]n the context of contested issues regarding the propriety of a restitution award . . . the sentencing procedures employed to resolve such disputes are within the district court's discretion so long as the defendant is given an adequate opportunity to present his position." *United States v. Sabhnani*, 599 F.3d 215, 257–58 (2d Cir. 2010).

---

[1] We are unpersuaded by the government's contention that plain error review is applicable. Even assuming that Marc Alexander was obligated to raise the argument in his Federal Rule of Criminal Procedure 35(a) motion, that motion sufficiently preserved the argument for appeal because it repeatedly pointed out that the restitution order was entered without prior notice to Marc Alexander. *See* Gov. App'x 58–60. Indeed, the district court addressed the argument in its decision denying the Rule 35(a) motion, reasoning that the figures set forth in the PSR and arguments made in defense counsel's sentencing memorandum provided adequate notice and opportunity to be heard as to restitution. *See* Marc Alexander Second App'x at 233–34. Moreover, Marc Alexander has articulated a challenge to the restitution amount in a 28 U.S.C. § 2255 motion pending before the district court, *see* Dist. Ct. Docket 19-cv-545 (JBA), Doc. No. 1-1 at 16 n.8, and we cannot conclude on the present record that the deprivation of adequate notice and opportunity to be heard was harmless or otherwise did not affect Marc Alexander's substantial rights.

The procedures employed by the district court in this case fail to satisfy the minimal requirement of notice and an opportunity to be heard. First, we are unpersuaded by the district court's conclusion that Marc Alexander had an opportunity to be heard with respect to restitution because the Presentence Investigation Report ("PSR") set forth a loss figure as to Count One and a proposed restitution figure as to Count Fourteen, and defense counsel "responded to those proposed amounts at length in his Sentencing Memorandum." Marc Alexander Second App'x at 233–34. To the contrary, defense counsel's sentencing memorandum focused solely on the question of loss amount for Guidelines calculation purposes, including urging the court to make a reasonable estimate as to loss and apply only a twelve-level offense level increase; it did not raise arguments as to the distinct question of restitution. *See United States v. Certified Envtl. Servs., Inc.*, 753 F.3d 72, 102 (2d Cir. 2014) ("Though restitution and loss involve closely related calculations, which ultimately produce the same figure in many cases, the inquiries are not identical."). Defense counsel never raised specific arguments about the appropriate restitution amounts in the case, including any granular analysis of which vehicles should be considered in determining *actual*, as opposed to intended or estimated, loss for restitution purposes—figures which were later determined in the context of Rachael Alexander's *Fatico* hearing, without any participation by Marc Alexander or his counsel. Given the parties' understanding that the restitution issue remained open for determination at a later date, the sentencing memorandum did not provide an adequate opportunity for Marc Alexander to be heard with respect to restitution issues.

Furthermore, as the government essentially concedes, Marc Alexander was not provided with notice of, or an opportunity to participate in, the *Fatico* hearing held as to Rachael Alexander on February 15, 2018, where the court determined the restitution figures it later used in the July

26, 2018 restitution order. Electronic case notifications received by Marc Alexander's appellate counsel referencing a hearing "as to Rachael Alexander" could not have furnished sufficient notice of the proceedings, particularly given Marc Alexander's lack of district court representation at that time. Gov. App'x 70. At bottom, following the withdrawal of his district court counsel with the understanding that the restitution issue remained open, Marc Alexander was provided with no further notice of the restitution amounts being considered by the district court, and had no occasion to object or make any argument with respect to restitution, whether at his codefendant's *Fatico* hearing or in another format. Accordingly, we conclude that the district court abused its discretion in failing to provide Marc Alexander with the requisite opportunity to present his position prior to entering the restitution order. We therefore vacate the order and remand for further proceedings at which Marc Alexander, represented by counsel, can raise objections to the restitution amount.

    2.  Rachael Alexander's Appeal

Rachael Alexander raises two arguments on appeal. First, she seeks vacatur and remand of the restitution order, arguing that the district court's imposition of an immediate restitution payment obligation pursuant to ambiguous, inconsistent orders, while failing to impose a similar condition as to Marc Alexander, amounts to plain error. The government concedes that remand is appropriate to allow for clarification and additional findings.

We agree. The district court's conflicting orders make it difficult to conclusively determine the intended payment schedule. While the court was silent at sentencing with respect to when the payment schedule would begin, the judgment indicates that payment was required to begin immediately. The restitution order, however, sets forth conflicting directives with respect to the payment schedule, checking the boxes for payment in a "lump sum, immediately"; "in

7

installments of not less than $200.00, payable on the [blank] of each month"; and "as specified by the Court: See Judgment"—options that are impossible to reconcile with one another. Rachael Alexander App'x at 136. Moreover, if the district court did intend to set an immediate payment schedule for Rachael Alexander's restitution, it failed to make sufficient findings as to her present ability to pay restitution. *See United States v. Mortimer*, 52 F.3d 429, 436 (2d Cir. 1995); *see also* 18 US.C. § 3664(f)(2). Because the present record is insufficient to justify an immediate payment schedule, we remand to permit the district court to make the requisite findings with respect to the factors enumerated in 18 U.S.C. § 3664(f)(2) and to issue an amended judgment and restitution order reflecting a clarified payment schedule. On remand, the district court should also consider whether the restitution amounts already paid by Rachael Alexander should be reimbursed.

Rachael Alexander next challenges the district court's imposition of a special condition of supervised release requiring her to obtain prior approval from the U.S. Probation Office before opening new lines of credit or incurring credit card charges in excess of $500. Where, as here, the defendant had advance notice of the challenged condition and failed to object during sentencing, we review for plain error. *See United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019).

We conclude that the district court did not plainly err in imposing the challenged condition. District courts exercise broad discretion in imposing conditions of supervised release. *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). A sentencing court may impose special conditions that are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed to afford adequate deterrence to criminal conduct"; "the need to protect the public from further crimes of the defendant"; and "the need to provide the defendant with needed educational or vocational training,

8

medical care, or other correctional treatment in the most effective manner," and which "involve no greater deprivation of liberty than is reasonably necessary" for these purposes. U.S.S.G. § 5D1.3(b); *see also* 18 U.S.C. § 3583(d). In imposing a condition of supervised release, the court must "make an individualized assessment" and "state on the record the reason for imposing it; the failure to do so is error." *Betts*, 886 F.3d at 202 (citation omitted). Absent an explanation, this Court may uphold the condition "only if the district court's reasoning is self-evident in the record." *Id.* (internal quotation marks and citation omitted).

Here, the district court's reasoning for imposing the condition is self-evident. Rachael Alexander admitted to using credit cards in furtherance of the motor vehicle fraud. Accordingly, the condition relates to "the nature and circumstances of the offense" as well as the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). Moreover, far from involving "a greater deprivation of liberty than is reasonably necessary," U.S.S.G. § 5D1.3(b), the condition is carefully circumscribed, requiring the Probation Office's approval only for charges exceeding $500—a more accommodating threshold than the $200 threshold recommended in the PSR, to which Rachael Alexander did not object at sentencing.

While the district court stated on the record at sentencing that the credit card condition would apply "until your financial obligations are paid," Rachael Alexander App'x at 120, Rachael Alexander's contention on appeal that this limitation somehow negated the relationship between this condition and the § 3553(a) factors is unpersuasive. To the contrary, this temporal limitation represents another means by which the court ensured that the limitation was not a "greater deprivation of liberty than is reasonably necessary." U.S.S.G. § 5D1.3(b). Accordingly, the district court did not err, let alone plainly err, in imposing the condition.

9

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** as to the April 17, 2017 and February 23, 2018 judgments, except as noted above with respect to Rachael Alexander's restitution payment schedule. We **VACATE** the July 26, 2018 restitution order and **REMAND** the case for further proceedings as to restitution consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk