[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12952
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-00539-JB-MU

UZEZI AJOMALE,

Plaintiff-Appellant,

versus

QUICKEN LOANS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 6, 2021)

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Uzezi Ajomale appeals the dismissal of her case against Quicken Loans, Inc. ("Quicken") under the Fair Credit Reporting Act ("FCRA"). Ajomale claimed that Quicken violated the FCRA—either willfully or negligently—by failing to send her a credit score disclosure ("CSD") after using her credit score in connection with her husband's inquiry into a joint mortgage loan. The district court awarded summary judgment to Quicken on two grounds: (1) because Ajomale failed to produce sufficient evidence of willfulness, and (2) because Ajomale abandoned her negligence claim by failing to address it in her response to Quicken's motion for summary judgment. On appeal, Ajomale raises three arguments. First, she asserts that the district court erred by finding that Quicken's interpretation of the FCRA (i.e., that it was not required to send her a CSD in these circumstances) was objectively reasonable. Second, she asserts that the district court erred by excluding certain emails documenting Quicken's internal communications regarding FCRA compliance. Third, she asserts that the district court erred by finding that she had abandoned her negligence claim. For the following reasons, we affirm.

We review a grant of summary judgment *de novo*, viewing all facts in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor. *McCullum v. Orlando Reg'l Healthcare Sys., Inc.*, 768 F.3d

1135, 1141 (11th Cir. 2014).  Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  *Id.*

If a party fails to adequately brief a claim in responding to a motion for summary judgment, we will consider that claim to have been abandoned.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).  A party fails to adequately brief a claim when he or she does not "plainly and prominently" raise it, such as by "devoting a discrete section of [his or her] argument to [the claim]."  *Id.*  "[P]assing references" to an issue "buried" in the argument section of a brief will not suffice.  *Id.* at 682; *see also Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.").

The FCRA places certain disclosure obligations on entities who use consumer credit scores in the course of their business.  As relevant to this case, Section 1681g of the FCRA provides:

> Any person who makes or arranges loans and who uses a consumer credit score . . . in connection with an application *initiated or sought by a consumer* for a closed end loan . . . shall provide [a CSD] to *the consumer* as soon as reasonably practicable.

15 U.S.C.§ 1681g(g) (emphasis added).  Any person who "willfully fails to comply" with this requirement is liable to the consumer for both compensatory and

3

punitive damages. *Id.* § 1681n. Any person who "is negligent in failing to comply" is also liable to the consumer, but only for "actual damages sustained . . . as a result of the failure." *Id.* § 1681*o*.

To prove a "willful" violation of the FCRA, a consumer must show that the defendant "either knowingly or recklessly violated the requirements of the Act." *Levine v. World Fin. Network Nat. Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009) (citing *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 2208 (2007)). A defendant does not "recklessly" violate the FCRA unless its interpretation of the FCRA's requirements was "objectively unreasonable," either under the text of the statute itself or under "guidance from the court of appeals or the Federal Trade Commission that might have warned [the defendant] away from the view it took." *Id.* Where the consumer fails to show that the defendant's reading of the FCRA was objectively unreasonable, "based on the text of the Act, judicial precedent, or guidance from administrative agencies," we will not look at evidence of the defendant's subjective intent. Pedro v. Equifax, Inc., 868 F.3d 1275, 1280 (11th Cir. 2017).

The district court did not err by dismissing Ajomale's willful-violation claim because she failed to demonstrate that Quicken's interpretation of its FCRA obligations was objectively unreasonable. As set out above, § 1681g of the FCRA requires lenders to provide a CSD to "the consumer" whenever they use a

4

"consumer credit score" in connection with a loan application "initiated or sought by a consumer." 15 U.S.C. § 1681g(g). On its face, this subsection references to two categories of consumers: (1) the consumer whose credit score is used, and (2) the consumer who initiates or seeks an application. And as the district court observed, the statutory language does not make clear which type of consumer is "the consumer" entitled to a CSD. Thus, the text of the FCRA does not foreclose Quicken's reading, according to which only the consumer who initiates or seeks a loan application—in this case, Ajomale's husband—must receive a CSD.[1]

Nor has Ajomale pointed to any guidance from this Court or the Federal Trade Commission that should have warned Quicken away from the view it took. We have never addressed or construed this particular subsection of the FCRA in any of our decisions, published or unpublished. Similarly, the Federal Trade Commission does not appear to have issued any authoritative guidance on this question (i.e., whether a consumer other than the person seeking a loan is entitled

---

[1]    Ajomale also argues that, because this case involves a *joint* mortgage loan for which her consent as a spouse was required, she too qualifies as a consumer who "initiated or sought" the loan at issue. But while that may be one reasonable reading of § 1681g(g), we cannot conclude that it is the only objectively reasonable interpretation of the statutory text, especially on these facts where it is clear that only Ajomale's husband was the one initiating and seeking the loan application.

to a CSD).[2] Ajomale therefore has failed to show that Quicken's interpretation of the FCRA was objectively unreasonable.[3]

Consequently, the district court also did not err by refusing to consider Quicken's internal emails. If the consumer fails to establish that the defendant's reading of the FCRA was objectively unreasonable, we have no need to consider evidence of the defendant's subjective motives. Pedro, 868 F.3d at 1280. Thus, even if the emails were otherwise admissible under the rules of evidence and discovery, they were nonetheless insufficient as a matter of law to prove that Quicken willfully violated its disclosure obligations under the FCRA.[4]

Finally, the district court did not err in concluding that Ajomale had abandoned her negligent-violation claim. In responding to Quicken's motion for summary judgment, Ajomale devoted only three sentences to her argument that Quicken had negligently violated § 1681g. Those sentences essentially stated—without any citation to authority—that the evidence demonstrating Quicken's

---

[2] Ajomale cites a staff report from the Federal Trade Commission stating that § 1681g(g)'s disclosure obligations apply "even if the consultation does not include a formal or informal application." But this guidance does not resolve the issue at hand. The report merely establishes that lenders are required to provide a CSD even during the pre-application stage. It does not clarify which type of consumer is entitled to a CSD—the one who seeks a loan, the one whose credit score is used, or both.

[3] In reaching this conclusion, we express no opinion whatsoever on the proper interpretation of § 1681g(g). This appeal solely concerns whether Quicken's reading of the statute was so unreasonable as to amount to a willful violation of the FCRA.

[4] In light of this holding, we need not address the propriety of the district court's exclusion of the emails on the alternate basis of Ajomale's discovery violations.

willfulness was also sufficient to support a negligence-based claim. Such "passing references" to a claim, amounting to little more than a conclusory statement that a genuine issue of fact exists, are not enough to preserve that claim for review. *See Sapuppo*, 739 F.3d at 682; *Singh*, 561 F.3d at 1278. And in any event, Ajomale's arguments fail on their merits because, contrary to her assertions, the evidence does not establish that Quicken's actions were objectively unreasonable.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**